Helmig, Appellant, *v.* Rockwell Manufacturing Company.

Argued March 23, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and ROBERTS, JJ.

*Paul Ginsburg,* for appellant.

*David W. Craig,* with him *John P. McComb, Jr.,* and *Moorhead & Knox,* for appellee.

*David McNeil Olds,* with him *Reed, Smith Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 1, 1964:

The law is intended to be, and is in fact, a highway for litigants to travel until the destination of justice is reached. It is not a carousel on which litigants are to ride in never-ending circular journeying. The issues involved in this case have been litigated, adjudicated and definitively decided. The end of the highway has been reached, and the appellant here should not attempt to board again a legal merry-go-round. A simple statement of the facts follows.

In 1949 C. S. Helmig, a steel broker, sued the Rockwell Manufacturing Company for breach of contract. He contended that he had entered into a contract with the defendant company whereby it was to pay him commissions for securing ingots and rolling time for the conversion of the ingots into steel sheets and that he did fulfill his obligations under the contract by securing such arrangements with the Bethlehem Steel Company in behalf of the defendant, but that the defendant Rockwell Manufacturing Co. later cancelled its contract with him and then dealt directly with Bethlehem Steel Company.

Rockwell defended the assumpsit action on the ground that Bethlehem had refused to proceed with any arrangements made by Helmig because of Bethlehem's policy not to enter into conversion agreements in which middlemen were involved. At the ensuing trial the jury found for the plaintiff in the sum of $177,811.20, the commission agreed upon ($35 a ton for the finished product), but the trial court granted defendant's motion for judgment n.o.v., whereupon the plaintiff appealed to this court, which affirmed the judgment of n.o.v. (380 Pa. 305).

The plaintiff then presented to this Court a petition for reargument alleging after-discovered evidence,

consisting of evidence given before the Federal Trade Commission to the effect that Bethlehem did in fact enter into contracts wherein middlemen were involved and that, therefore, the defense offered by Rockwell at the assumpsit trial was false and a fraud upon the court. This Court refused the petition for reargument.

In 1955 the plaintiff attempted to use this same material and argument as the foundation of a trespass action (charging conspiracy) against both Rockwell and Bethlehem, and as the basis of a motion for new trial in the assumpsit action. The motion for new trial in the assumpsit action was refused and this Court affirmed that refusal. (389 Pa. 21). In affirming the refusal we unequivocally declared that the reasons given by Bethlehem for refusing to deal with the plaintiff because of arrangements made by him were irrelevant and immaterial, and that the crux of the assumpsit action was that Bethlehem, regardless of reasons adduced, had in fact refused to deal through Helmig and Helmig thus was unable to honor his commitments to Rockwell.

In that same opinion we affirmed the lower court's holding that no valid cause of action had been pleaded in the trespass action charging conspiracy and that the Federal Trade Commission proceedings relied upon by Helmig did not sustain the charges made by him against Rockwell and Bethlehem.

Despite the definite pronouncement by this Court that the evidence developed before the Federal Trade Commission was not sufficient to overturn the judgment n.o.v. in the assumpsit action or to sustain a charge of conspiracy against Bethlehem and Rockwell, the plaintiff, in 1958, nevertheless presented petitions for rules to show cause why the Supreme Court decisions in both the assumpsit and trespass actions should not be vacated, predicating those petitions again upon the same Federal Trade Commission evidence.

The plaintiff now claims that the rules on those petitions should have been made absolute because the defendants filed no answers and that, therefore, the facts averred in the petitions must be deemed to have been admitted. However, as already stated, we have already ruled that such facts do not support any right to relief in either the assumpsit or the trespass action, and the lower court properly so held.

While it is true that the avenues of legal procedure should always be kept open until the litigation has come to a "legal" end, we agree with the court below that this case has positively reached that end, and that no purpose would be served by the plaintiff attempting to have the matter which was unequivocally adjudicated in May, 1957, again presented to this or any other Court by any ingenious procedure that may be devised by counsel.

We trust that this affirmative and repeated pronouncement will make clear that we meant what we said in this case in 1957 at 389 Pa. 21.

Orders affirmed.

Mr. Justice O'Brien took no part in the consideration or decision of this case.